**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BEE CREEK PHOTOGRAPHY,** § | | |
| § | | |
| *Plaintiff,* § | | |
| v. § | | |
| § | 1:23-CV-1271-DII | |
| **LONESTAR CAPITAL HOLDINGS LLC,** § | | |
| § | | |
| *Defendant*. § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Default Judgment (Dkt 12).[1] Defendant Lonestar Capital Holdings LLC did not respond to the Motion. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the Motion be **GRANTED**.

**I. ATTORNEY ADMONISHMENT & WARNING**

This court's Local Rules require that "[a]ny legal authority in support of a motion [] be cited in the motion, and not a separate brief." W.D. Tex. Civ. R. 7(c)(1). "Local rules generally have the force of law 'as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.'" *Darouiche v. Fid. Nat'l Ins. Co.*, 415 F. App'x 548, 552 (5th Cir. 2011) (per curiam) (unpublished)[2] (quoting *Kinsley v. Lakeview Reg'l Med. Ctr.*, 570 F.3d 586, 589 (5th Cir. 2009)). This is at least the second motion for default judgment Plaintiff's counsel has

---

[1] United States District Judge Robert Pitman referred the Motion to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text order, March 15, 2024.

[2] Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

filed that violates the Local Rules. *See Bee Creek Photography v. TexasRealFood, Inc.*, Cause No. 1:23-cv-1056-RP (W.D. Tex. filed Sept. 6, 2023). Plaintiff's counsel is warned that future noncompliant pleadings will be struck.

## II.   BACKGROUND

The facts alleged in the Complaint are straightforward: Plaintiff created a photo of downtown Austin, Texas and a photo of downtown San Antonio, Texas. Dkt. 1 ¶2. Plaintiff owns the copyrights to the photos. *See id.* Defendant owns a website and without permission displayed the photos. *Id.* ¶3–4. Plaintiff brings a single claim: direct copyright infringement under the Copyright Act. *Id.* at 5.

## III.   STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). When a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right,

2

even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A court must accept pleaded facts as true, but must also determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at

1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id*. While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id*. (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**IV.   ANALYSIS**

   **A.  Procedural Requirements**

Defendant Lonestar Capital Holdings LLC is a Texas limited liability company and owns the website: www.lonestarcapitalholdings.com. Dkt. 13 at 1–2. Defendant is thus not a minor, incompetent person, or in military service. The Clerk of Court has entered default against Defendant. Dkt. 9.

Default judgment is procedurally warranted. First, Defendant failed to file a proper answer or responsive pleading. Second, Defendant's failure to respond or appear threatens to cause substantial prejudice because it threatens to bring the adversarial process to a halt, effectively prejudicing Plaintiff's interests. Third, the grounds for default judgment are clearly established because Defendant has failed to answer or defend. Fourth, nothing suggests that default was caused by a good-faith mistake or excusable neglect. Defendant has simply chosen not to participate in this litigation. Fifth, default judgment would not be harsh in this situation because the judgment would be for no more than Defendant owes under the law. Sixth, given the circumstances, this

court has no reason to set aside any default judgment it may enter. In sum, default judgment is procedurally proper.

### B.  Sufficiency of Bee Creek Photography's Complaint

Plaintiff's claims are meritorious, and there is sufficient basis in the pleadings for the judgment. To state a claim for copyright infringement under 17 U.S.C. § 501(a), Plaintiff must establish: (1) the subject work is original and that plaintiff is the owner or author of the work; (2) that she complied with all formalities required to secure a copyright under Title 17; (3) that she is the proprietor of the copyright of the photo involved; (4) that the work was displayed publicly; and (5) that Defendant had not received permission from plaintiff to use the photo. *Fermata Int'l Melodies v Champions Golf Club*, 712 F. Supp. 1257, 1259 (S.D. Tex. 1989), aff'd, 915 F.2d 1567 (5th Cir. 1990).

As described in the Complaint (Dkt. 1) Defendant—without permission or authorization—displayed photos on its website for which Plaintiff owns the rights and licenses for various uses, including online publication. Dkt. 1 ¶¶2, 4. Plaintiff attached a copy of its copyrights, Dkt. 12-5 at 2–7, supporting the first, second, and third elements of a § 501(a) claim. Defendant displayed the photo publicly on its website. Dkt. 12-2 at 11. Finally, Plaintiff alleges Defendant was not authorized to use the photo. Dkt. 1 ¶4. Accordingly, the merits of the claim provide a basis for entry of default judgment.

### C.  Relief

Plaintiff seeks relief for direct copyright infringement. *Id.* at 5. Plaintiff seeks relief under 17 U.S.C. § 504(c) in the form of statutory damages. Generally, in the default-judgment context, unliquidated damages are not awarded without an evidentiary hearing. FED. R. CIV. P. 55(b)(2)(B); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). That said, the Rules do not require an evidentiary

hearing, and the court has broad discretion to forgo an evidentiary hearing where there is sufficient evidence to render a decision without one. *See James*, 6 F.3d at 310; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam) (citations omitted) (holding that in the default judgment context, damages may "be entered without a hearing" if "the amount claimed is a liquidated sum or one capable of mathematical calculation").

### D. Damages

As authorized by 17 U.S.C. § 504(c)(1), the court has the power to award statutory damages of "not less than $750 or more than $30,000 as the court considers just" for each infringed work. *Mason v. Montgomery Data*, 967 F.2d 135, 143 (5th Cir. 1992). "[T]he statute has been interpreted to vest in the trial court broad discretion to determine whether it is more just to allow a recovery based on calculation of actual damages and profits, as found from evidence, or one based on a necessarily somewhat arbitrary estimate within the limits permitted by the Act." *F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 231–32(1952). Courts "are guided by the principle that complying with the copyright laws should be less costly than violating them—meaning that statutory damages should be sufficient to deter future copyright infringement." *Neutral Gray Music v. Tri-City Funding & Mgmt.*, No. 4:19-CV-04230, 2021 WL 1521592, at *5 (S.D. Tex. Mar. 30, 2021) (citing cases).

Plaintiff elects to pursue statutory damages and requests the court award the maximum amount of $60,000 or $30,000 for each infringement. Dkt. 13 at 7–8. Plaintiff submits that it is common practice on default for district courts to award $30,000 in statutory damages per work without any evidence of license fee history. Dkt. 13 at 8–9 (citing cases).

"Among the numerous factors considered by the courts in setting statutory damage amounts are the expenses saved and profits reaped by the infringer; the deterrent effect of the

award on a defendant and on third parties; and the infringer's state of mind in committing the infringement." *Motionware Enters v. Individuals, Bus. Entities & Unincorporated Ass'ns Identified on Exhibit 1*, No. 1:22-CV-1225-RP, 2023 WL 6977940, at *5 (W.D. Tex. Sept. 13, 2023), report and recommendation adopted, No. 1:22-CV-1225-RP, 2023 WL 6979603 (W.D. Tex. Oct. 23, 2023) (quoting *Playboy Enters. v. Webbworld*, 991 F. Supp. 543, 560 (N.D. Tex. 1997)). Furthermore, "while there 'need not be a direct correlation between statutory damages and actual damages,' it has generally been held that "the statutory award should bear some relation to actual damages suffered." *Aberle v. GP Clubs*, No. A-19-CV-1066-RP, 2020 WL 4035074, at *4 (W.D. Tex. July 17, 2020), report and recommendation adopted No. A-19-CV-1066-RP (Dkt. 16) (W.D. Tex. Aug. 3, 2020) (quoting *Philpot v. Music Times*, 2017 WL 9538900, at *5 (S.D.N.Y. Mar. 29, 2017)). "[C]ourts in this Circuit frequently award statutory damages in amounts that are between two and three times the license fee refused by the defendant." *Id.* (citing *EMI Apr. Music v. Jet Rumeurs*, 632 F. Supp. 2d 619, 625 (N.D. Tex. 2008)).

Plaintiff relies on Defendant's state of mind, contending it acted willfully by virtue of its default, and the potential deterrent effect to support its argument that the court should award $60,000 in statutory damages. Dkt. 13 at 8 (citing cases). But Plaintiff submitted no evidence about licensing fees or similar actual damages.

The undersigned found this court's recent cases useful in resolving this motion. In *Aberle*, a professional photographer took a photo of Sixth Street in Austin, which he registered with the U.S. Copyright Office. *Aberle*, 2020 WL 4035074, at *1. Plaintiff took a photo of an Austin-area landmark and obtained a copyright to the photo. The defendant in *Aberle* was a company that published the photographer's photo on its commercial website without permission in violation of the Copyright Act. *Id.* The *Aberle* photographer moved for a default judgment, seeking $30,000

7

statutory in damages for the unauthorized use of the single photograph. *Id.* at *4. The facts here are nearly identical, except two photos are at issue.

In recommending that Judge Pitman grant the photographer's motion for default judgment and award statutory damages, Judge Austin pointed out:

> In cases similar to the one at hand, courts have found awards closer to the statutory minimum of $750 to be more appropriate. For example, in *Downs v. Yeshiva World News, LLC*, the court entered a default judgment in the plaintiff's favor when a defendant published plaintiff's copyrighted photos on its website without the plaintiff's authorization. Like Aberle, the plaintiff sought $30,000 per infringement, but did not provide any information to support seeking the maximum award available for a non-willful infringement. When the court found that plaintiff submitted "no evidence to distinguish this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement," it awarded the minimum statutory damages of $750 per infringed work. *Id.* at *3. Similarly, in *Mantel v. Smash.com Inc.*, the court awarded $2,500 statutory damages for copyright infringement of one photograph where the plaintiff provided no evidence of actual damages. [S]*ee also Philpot*, 2017 WL 9538900, at *9-10 (finding that where defendant made no showing of any actual damages, $2,500 per infringement for unauthorized use of two photographs "would [ ] be sufficient to punish [d]efendant for its willful infringement and to deter others from engaging in similar conduct in the future").

*Aberle*, 2020 WL 4035074, at *4 (internal citations omitted or truncated).

Accordingly, relying on Plaintiff's pleadings and the Motion, the undersigned finds that granting Plaintiff $7,000.00 ($3,500 for each of the two photos) in statutory damages is reasonable.[3]

---

[3] The undersigned notes that in *Motionware*, cited *supra* at 6, Judge Pitman awarded $5,000 per infringement for photos *and videos* displayed on global e-commerce platforms, such as Amazon, eBay, Etsy, and Walmart. *See Motionware*, 2023 WL 6977940, at *5. However, the undersigned concludes that the infringement here is more similar to that in *Aberle*, where a single photo of an Austin-area landmark was used by a single regionally oriented commercial website.

**E. Attorney's Fees**

Plaintiff also seeks reasonable expenses under the Copyright Act. 17 U.S.C. § 505. "[I]n copyright cases the award of attorney's fees is 'the rule rather than the exception and should be awarded routinely.'" *La. Contractors Licensing Serv. v. Am. Contractors Exam Servs.*, 594 Fed.Appx. 243, 244 (5th Cir. 2015) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)). "The factors considered when deciding to award attorney's fees include the 'frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Motionware*, 2023 WL 6977940, at *6 (quoting *Fogerty v. Fantasy*, 510 U.S. 517, 535 (1994)).

In light of the willful nature of Defendant's infringement and failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of reasonable costs and attorney's fees is appropriate.

Plaintiff requests $1,750 in attorney's fees. Dkt. 13 at 9. Plaintiff submits the Declaration of Craig Sanders, its counsel, in support of the request. Dkt. 12-1 at 6. Sanders informs the court his hourly rate is $700 for the prosecution of copyright infringement cases. *Id.* He states that $700 "is well within the range of hourly billing for similarly experienced attorneys according with the Report of the Economic Survey (2017) for the American Intellectual Property Law Association as well as the rates set forth in the Laffey Matrix chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office to be used in fee-shifting cases." *Id.*

The reasonableness of Sanders's hourly rate should be based on the community in which this court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (the relevant

9

community for determining the market rate is the community where the district court sits). Based on the court's review of recent cases in the Austin Division of this District, it appears that courts have approved hourly rates of $250 to $500 in copyright cases. *Paakline v. Indivs., P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-1082-DII, 2023 WL 7018276, at *8 (W.D. Tex. Oct. 24, 2023), report and recommendation adopted *sub nom. PAAKline v. Indivs., P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-CV-1082-DII, 2023 WL 7649451 (W.D. Tex. Nov. 14, 2023) (citing *BVE Brands v. Indivs, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1-22-CV-00278-RP, 2023 WL 5108960, at *8 (W.D. Tex. June 23, 2023), report and recommendation adopted *sub nom. BVE Brands v. Yiwu Dingyi E-Com. Co.*, No. 1:22-CV-278-RP, 2023 WL 5116551 (W.D. Tex. Aug. 9, 2023); *Aberle*, 2020 WL 4035074, at *5); *Joe Hand Promotions v. Machinegun Michaels*, No. 1-22-CV-1388-DII, 2023 WL 8074153, at *5 (W.D. Tex. Nov. 21, 2023), report and recommendation adopted, No. 1:22-CV-1388-DII, 2023 WL 8461637 (W.D. Tex. Dec. 6, 2023)).

Thus, the undersigned "finds that the range of $325–$500 per hour is 'in line with prevailing rates for copyright infringement practitioners of reasonably comparable skill, experience, and reputation in the Austin community.'" *Motionware*, 2024 U.S. Dist. LEXIS 17617, at *4 (W.D. Tex. 2024) (citing *APL Microscopic v. Greene Techs.*, No. 19:CV-1044-RP, 2023 WL 6135689, at *2 (W.D. Tex. Sept. 19, 2023)). Accordingly, this court recommends awarding fees at a rate of $475 per hour.

Next the court considers the number of hours reasonably expended. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). Here, Sanders has

submitted time records with sufficient details including dates, description of the services rendered, and hours expended, showing 2.5 hours were expended in this litigation. Dkt. 12-1 at 8. Accordingly, the undersigned will recommend awarding a total of $1,187.50 in attorney's fees for 2.5 hours at an hourly rate of $475.

Plaintiff also seeks costs of $440. *Id.* Section 505 allows the prevailing party to recover its "full costs" incurred in protection of its copyright. 17 U.S.C. § 505. Plaintiff seeks costs for the court filing fee and the service fee. *Id.* Such costs are reasonable. *See Zimmerman v. Portfolio Recovery Assocs.*, 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013). The undersigned will recommend that Plaintiff is therefore entitled to an award of $440 in costs.

## V.     RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Dkt. 12) be **GRANTED** and that the court award Plaintiff $7,000 in statutory damages and $1,627.50 in attorney's fees and costs.

## VI.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED June 6, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE